# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**BARRY LLOYD MILLS**                                                      **PLAINTIFF**

**v.**                                **CASE NO. 4:06-CV-01010 GTE**

**STAFFMARK; ABRAHAM
BOGOSLAVSKY; AND STEPHEN
TEMPORARY SERVICE COMPANY**                                                **DEFENDANTS**

## ORDER

On March 16, 2007, the Court entered an order directing Plaintiff to file a written statement, describing in greater detail, in plain language, the facts supporting his claim for relief," explaining "why he believes he was denied employment because of his race, color, sex, religion, and national origin," explaining "how his rights under the Equal Pay Act were violated," and setting forth the specific misconduct by each of the individual defendants on or before April 16, 2007. The Court also directed Plaintiff to file a Response to Defendants' Motion to Dismiss on or before April 16, 2007. The Court advised Plaintiff that his failure to timely comply with the Order would result in the *sua sponte* dismissal of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2).[1]

To date, Plaintiff has not complied with any part of the Court's Order dated March 16, 2007. Therefore, the Court has the authority to dismiss this Complaint. Furthermore, on October 5, 2006, Defendants filed a Motion to Dismiss. Defendants argue that (1) Plaintiff has failed to

---

[1] Local Rule 5.5(c)(2) provides, in pertinent part that: "If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice."

follow the jurisdictional prerequisite of filing an EEOC charge against Defendant Stephen Temporary Service Company, which Defendants contend does not exist, and Abraham Bogoslavsky; (2) Title VII provides no cause of action against individual defendants, only employers, and therefore, Mr. Bogoslavsky is not an appropriate defendant; (3) Plaintiff's EEOC charges only alleged discrimination on the basis of his race (black), and therefore, Plaintiff has failed to meet the jurisdictional prerequisite of filing an EEOC charge regarding Plaintiff's sex (male), religion (Baptist), and national origin (U.S. citizen); and (4) Plaintiff has failed to state a claim upon which relief may be granted. Alternatively, Defendants requests that the Court require Plaintiff to promptly file an Amended Complaint that sets forth the specific misconduct by each of the individual defendants. As stated above, Plaintiff has not responded to the Motion.

While Plaintiff filed his right to sue letter, Plaintiff failed to file his EEOC Charge of Discrimination. Defendants assert hat the EEOC Charge of Discrimination only named Staffmark as a Respondent party, and thus, Plaintiff failed to meet the jurisdictional prerequisite as to Defendants Stephen Temporary Service Company and Abraham Bogoslavsky. Defendants further assert that there is no legal entity known as Defendant Stephen Temporary Service Company, and Title VII provides no cause of action against individual defendants, only employers. *Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006). Defendants further state that Plaintiff has not alleged that either of these Defendants have ever been or acted as his employer. Therefore, Defendants assert that Stephen Temporary Service Company and Abraham Bogoslavsky should be dismissed. Defendants also assert that Plaintiff's Charge of Discrimination with the EEOC only alleges discrimination based upon race, and that he has failed to exhaust his administrative remedies as to his claims of discrimination based upon sex,

2

religion, and national origin. As Plaintiff has failed to respond to Defendant's Motion to Dismiss, the Court has no option but to assume that Defendant's factual allegations are true. The Court finds that the Complaint should be dismissed as to Defendants Stephen Temporary Service Company and Abraham Bogoslavsky. The Court further finds that Plaintiff's claims based upon his sex, religion, and national origin should be dismissed.

Finally, Defendants assert that Plaintiff fails to state a claim upon which relief may be granted against Staffmark. Defendants state that Plaintiff does not identify, or even allege, any similarly situated white employee who has been treated differently than him. Defendants also state that the only entities mentioned in Section 9 of the Complaint, when the Plaintiff is directed to set forth the facts surrounding his claim, are "Skippy Peanut Butter" and "Job Search Employment Agency." The Court previously noted the defects in Plaintiff's Complaint, but allowed Plaintiff the opportunity to amend his Complaint to avoid dismissal on this basis. Plaintiff failed to take advantage of the opportunity afforded by the Court. The Court finds that the Complaint should be dismissed against Staffmark.

Accordingly,

IT IS THEREFORE ORDERED THAT Plaintiff's Complaint (Docket No. 2) shall be, and it is hereby, DISMISSED with prejudice.

IT IS SO ORDERED this 23rd of April, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE